ISAAC H. D. KNOWLES v. AMELIA A. KNOWLES.

A witness cannot be excused from answering a question pertinent and material to the issue joined, merely on the ground that his answer to it, will have the tendency, or effect to degrade him ; but where the question is irrelevant, or only collateral to the matter in issue, he cannot be compelled to answer, if it would have that effect.

LIBEL for divorce. The ground alleged for the divorce

was adultery, and on the hearing of the case, the party with whom it was alleged in the petition, the wife had committed the offence, was called on the part of the petitioner as a witness to prove it, and declined to answer the question propounded to him for that purpose, on the ground that his answer to it, would have a tendency to degrade him.

*The Court held, Milligan J. doubting,* that if the question was pressed and insisted upon, the witness must answer it. The rule of law is well settled that no witness is bound to criminate himself, that is to say, to answer a question which may have the effect to subject him to a criminal prosecution ; and it is also well settled that he cannot be excused from answering a question, because his answer may render him liable to a civil suit. But whether he is obliged to answer, when his answer may have a tendency to degrade him, or disparage him in the esteem of his fellow men, is not so well settled and has long been a matter of more controversy and discussion. The better opinions and decisions, however, appear to be, that when the question is directly pertinent and material to the matter in issue, he cannot be excused from answering it, merely on the ground that his answer will have the tendency, or effect to degrade him, or to diminish his standing and respectability in the community ; but where it is irrelevant, or only collateral to the matter in issue, he cannot be compelled to answer.

In the present case the question is certainly pertinent and material to the issue joined, the alleged adulterous intercourse of the respondent with the witness, which she denies, and as his answer, whatever it may be, cannot subject him to a criminal prosecution in this State, he must answer it.